1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,     : 19-CR-00402(NGG)
                              :
                              :
                              :
                              :
     -against-                : United States Courthouse
                              : Brooklyn, New York
                              :
                              :
RUSLAN MARATOVICH ASAINOV,    : Thursday, July 22, 2021
                              : 10:30 a.m.
          Defendant.          :
- - - - - - - - - - - - - - X


TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE VIA VIDEO
     BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
        UNITED STATES SENIOR DISTRICT JUDGE



A P P E A R A N C E S:

For the Government: JACQUELYN M. KASULIS, ESQ.
                    United States Attorney
                    Eastern District of New York
                      271 Cadman Plaza East
                      Brooklyn, New York 11201
                 BY:  DOUGLAS M. PRAVDA, ESQ.
                      SARITHA KOMATIREDDY, ESQ.
                      MATTHEW HAGGANS, ESQ.
                      JOSHUA HAFETZ, ESQ.
                      Assistant United States Attorneys


For the Defendant:   SUSAN GAIL KELLMAN, ESQ.
                      25 Eighth Avenue
                      Brooklyn, New York 11217
                 BY:SUSAN GAIL KELLMAN, ESQ., ESQ.

                     SABRINA SHROFF
                      80 Broad Street
                      19th Floor
                      New York, New York 10004
                 BY:SABRINA P. SHROFF, ESQ., ESQ.

Court Reporter:  VICTORIA A. TORRES BUTLER, CRR
225 Cadman Plaza East / Brooklyn, NY 11201
VButlerRPR@aol.com
Proceedings recorded by mechanical stenography; transcript produced by Computer-Aided Transcription.

Proceedings                                              2

(Videoconference call initiated.)

(Judge NICHOLAS G. GARAUFIS is on the call.)

THE COURTROOM DEPUTY:  Criminal cause for a status conference, beginning with the Government, please state your appearances for the record.

MR. PRAVDA:  Good morning, Your Honor.

Doug Pravda for the United States and I'm joined today by my colleagues Saritha Komatireddy, Matthew Haggans and Joshua Hafetz.

THE COURT:  Good morning.

MS. KELLMAN:  Good morning, Your Honor.

Susan Kellman and Sabrina Shroff for Ruslan Asainov.

Good morning, Judge.

THE COURT:  Good morning.

What is the status of the matter?

MR. PRAVDA:  Your Honor, so we have, as you know, the defendants have a laptop at the MDC containing the discovery in this case.  We produced some additional discovery.  We took back the laptop, we loaded the new discovery onto the laptop and we sent it back to him.  On June 16th he received it.  We learned a week ago yesterday, on July 14th, that the defendant was unable to access the new discovery.  He is still able to access the existing discovery on the laptop.

We have worked with MCC.  An IT technician from MCC

VB       OCR       CRR

Proceedings                                      3

is supposed to review the laptop with him today to try to figure out what the issue is with respect to the discovery that he is apparently unable to access.  We did test the laptop before we sent it to MCC and that worked.

I should just note that the new discovery that was loaded consists of some ISIS paraphernalia that was taken from the defendant's cell while he was in custody at MCC as well as some recorded prison calls.  So it's all information that he is familiar with already.

We also have a pending CIPA-4 motion as Your Honor is aware and I think the next stage, Your Honor, would be to set a motion schedule and, if Your Honor is inclined, to discuss a potential trial date.

THE COURT:  What is that on the motion schedule?

Is there anything else for today?

MR. PRAVDA:  Your Honor, to set a motion schedule and, if Your Honor is inclined, to discuss a trial date. Sorry if that was not clear.

THE COURT:  All right, thank you.

Ms. Kellman?

MS. KELLMAN:  Your Honor, good morning.

We were delighted to hear that the technician is going to address the discovery problem at the jail with our client and we're wondering if perhaps within the week the Government would send a letter to Your Honor as to what the

Proceedings                                          4

status of the repair is; if a repair is needed or if a replacement computer is needed, but he does need to have a full record of the discovery.

We were thinking it might be a little premature to set a motion schedule. We have been moving somewhat slowly, although things are getting a little more organized with our ability to communicate with our client. We were thinking that if Your Honor would set another status in 60 days, that we would be prepared then to set a motion schedule and a trial schedule.

THE COURT: Mr. Pravda, how long do you think this trial is going to take?

MR. PRAVDA: Your Honor, my guess is this is a two- to three-week trial.

THE COURT: When would you be prepared to go to trial?

MR. PRAVDA: Your Honor, I was just sort of thinking about the existing schedule with respect with trials in the Eastern District and also the fact that Your Honor has the Kandic trial in front of the Court which includes some of the same AUSAs that are on in matter in April. I think that anything in July of next year or thereafter would work for the Government.

THE COURT: Ms. Kellman, do you basically concur in that general framework?

Proceedings                                    5

MS. KELLMAN:  I do, Your Honor.  It's a little premature to say exactly when we might be ready, but I can't imagine us being ready.  In my mind I was thinking the Fall of 2022 or early 2023.

THE COURT:  I am working on the big picture here and, of course, we are talking about basically the second half of 2022 whichever way you slice it.  That is helpful for me in organizing my time.  Why don't we have a status conference in 60 days or so and the parties should come in with a proposed motion schedule at that time that works for the parties.

So let's see what we have.  Thursday, September 30th, at 9:00 a.m.

MR. PRAVDA:  That is fine for the Government, Your Honor.

THE COURT:  Ms. Kellman?

MS. KELLMAN:  Yes, that works, Your Honor.

THE COURT:  Do we have a motion on exclusion of time?  I think this has been designated a complex case, has it not?

MR. PRAVDA:  Yes, Your Honor.

MS. KELLMAN:  Yes, Your Honor.

THE COURT:  Is there any objection to continuing the designation?

MR. PRAVDA:  Yes, Your Honor, it has been designated complex and the Government respectfully submits that the

VB       OCR       CRR

Proceedings                                        6

complexity of the case continues, particularly with respect to ensuring the defendant has the discovery and access to the discovery.

THE COURT:  Yes.

Any objection to that, Ms. Kellman?

MS. KELLMAN:  No, Your Honor.

THE COURT:  All right.

Time is excluded under the Speedy Trial Act in the interests of justice inasmuch as the case has been designated complex in the past and the parties consent to the continuation of that designation, and for the review of discovery, and preparation of motion practice.

We will see you on September 30th, have a good summer.  Thank you very much.

MR. PRAVDA:  Your Honor, will the September 30 date be in person or by video?

THE COURT:  It will be by video unless you are instructed otherwise.

Thank you.

ALL:  Thank you, Judge.

(Matter concluded.)

ooo0ooo

VB        OCR        CRR

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.
/s/ Victoria A. Torres Butler    January 11, 2022