# LAW OFFICES OF SUSAN G. KELLMAN
25 EIGHTH AVENUE • BROOKLYN, NEW YORK 11217
(718) 783-8200 • FAX (718) 783-8226 • SGK@KELLMANESQ.COM
FELLOW, AMERICAN COLLEGE OF TRIAL LAWYERS

January 8, 2023

Hon. Nicholas G. Garaufis
Judge, United State District Court
 For the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11232

Re: *United States v. Asainov,* 19 Cr. 402 (NGG)

For each of the reasons stated below, this Court should preclude the testimony of the government's purported "Terrorism Expert" – Lorenzo Vidino.

## DISCUSSION

### I. The Court Should Exclude Lorenzo Vidino's Testimony Because the Government's Purported Expert Notice Is Materially and Fatally Deficient

On September 6, 2019, and then on October 21, 2022, the government provided supposed notice pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) of its intention to call Lorenzo Vidino as an expert witness regarding ISIS "and other Islamic extremist terrorist organizations." Dkt. Nos. 19 (the "2019 Notice") and 83 (the "2022 Notice") (jointly, the "Expert Notice"). The government's Expert Notice is facially deficient.

Federal Rule of Criminal Procedure 16(a)(1)(G) has recently been amended to make clear that the government is not permitted to practice trial by expert ambush. *See* Notes of Advisory Committee on Rules—2022 Amendment (stating that Rule 16 was amended to "ensure that parties receive adequate information about the content of the witness's testimony and potential impeachment"). An expert witness "must contain," among other things, "a complete statement of all opinions that the government will elicit from the witness in its case- in-chief" and "the bases and reasons for them." Fed. R. Crim. P. 16(a)(1)(G)(iii).

Even prior to amendment, the goal of Rule 16(a)(1)(G), and the government's duty under it, was the same: provide to the defense sufficient information that the defense will understand that expert's testimony – *i.e.*, his or her opinions – and be able adequately to prepare to impeach that expert. Thus, the government always has been required to give to the defendant a "written summary" of any testimony that the government intends to elicit, as per Federal Rules of Evidence 702, 703, or 705. "The summary provided under this subparagraph must describe *the witness's opinions, the bases and reasons for those opinions*, and the witness's qualifications." *Id.* (emphasis added). Measured against these required standards, the Expert Notice provided by the government is inadequate and improper on its face.

Hon. Nicholas G. Garaufis  January 8, 2023
Judge, Eastern District of New York  Page 2

Re: United States v. Asainov, 19 Cr. 402 (NGG)

In its 2019 Notice, the government merely states that certain unnamed "experts" will testify about "(i) ISIS and its history, structure, strategic goals, geographic location, methods of recruitment, and smuggling routes, among other things; (ii) jihadist propaganda and terminology; and (iii) contents of electronic devices and storage media obtained in connection with the investigation." 2019 Notice [ECF No. 19] at 2. The 2019 Notice is facially deficient; it discloses no expert by name and provides nothing more than a laundry list of topics the government might wish to cover with its unidentified expert(s). Put another way, the 2019 Notice provides no opinions or the bases or reasons for these opinions, as expressly required by Rule 16. Indeed, the government expressly concedes its 2019 Notice is not enough to satisfy Fed. R. Crim. Proc. 16(a)(1)(G), stating that the government "will comply" with its notice obligations and "will provide" the "identity, qualifications, and bases for the conclusions of each expert … when they become available." Id. (emphases added).

The 2022 Notice is equally deficient. The 2022 Notice identifies Lorenzo Vidino by name, but, as to his testimony, merely references the insufficient laundry list of the 2019 Notice, while adding ambiguity and opacity by stating that Vidino will "testify about ISIS and its history, structure, strategic goals, geographic location, methods of recruitment, smuggling routes, jihadist propaganda, and jihadist terminology, among other topics" and that he will testify "on these and related topics." 2022 Notice at 1-2 (emphases added).

The government's Expert Notice is insufficient to satisfy the requirements set forth in Rule 16(a)(1)(G). Combined, they merely provide a wide-ranging list of general topics about which Mr. Vidino is expected to testify. Like the 2019 Notice before it, The government's 2022 Notice also fails to disclose its witness's "opinion" about any of those topics or any other topic, let alone the bases and reasons for such opinions.

The fatal defects and inadequacy of the Expert Notice is not cured by Appendix A to the 2022 Notice.

To begin, Appendix A (attached as Ex. A) does not cover all the topics identified previously in the Expert Notice. Thus, to the extent that the government intends to use Mr. Vidino to testify regarding "the contents of electronic devices and storage media obtained in connection with the investigation" (2019 Notice at 2; 2022 Notice at 2-3), the Expert Notice and Appendix A fails to provide a written summary as to that topic; fails to identify whose electronic devices and storage media were provided to Mr. Vidino; and fails to identify what content in these unidentified electronic devices will be the subject of, or be used as part of, Mr. Vidino's purported opinions. In the absence of this information, it is impossible for defense counsel to prepare a focused and effective cross-examination, which is the very purpose of Rule 16's expert disclosure requirement.

Appendix A does purport to provide Mr. Vidino's opinions about four topics -- (A) the history, leadership, and activities of ISIS; (B) the role of western or foreign fighters in ISIS and ANE; (C) means and methods of travel by individuals to join ISIS; and (D) other testimony (that Mr. Vidino may also define certain Arabic and religious terms and may address the "topic or radicalization"). Even as to these four topics, however, Appendix A still falls woefully short of the disclosure requirements of Rule 16.

Hon. Nicholas G. Garaufis                                                                              January 8, 2023
Judge, Eastern District of New York                                                                              Page 3

Re: United States v. Asainov, 19 Cr. 402 (NGG)

*First*, Appendix A is entirely bare of the "bases and reasons" for Mr. Vidino's purported testimony, which is a fundamental, threshold requirement of Fed. R. Crim. P. 16.

*Second*, much of Appendix A does not even provide Mr. Vidino's opinions. For example, in its "other testimony" category, the government merely states that Vidino will "address the topic of radicalization." Appendix A at 3. It does not say what he will say about the topic (his opinion) or how he reached that opinion (the bases and reasons for his opinion).

Similarly, the government states that it "expects" Mr. Vidino to "define and provide context for" such disputed terms and phrases as "caliphate", "dawla", "dunya", "bay'at", "haram", "hijrah", "jihad", "jihadist", "kafir/kuffar", "khalifah", "mujahid/mujahideen", "munafiqueen", "Sharia", "ummah", among others. Appendix A at 3. The government does not say how Mr. Vidino will define these terms or how he arrived at those definitions — despite the uncontested fact that the appropriate definition of many of these terms are the subject of vigorous debate and dispute in Islamic scholarship. All we do know from his CV (*see* GX 3500-LV-1) is that Mr. Vidino is not from the Middle East, is not Muslim, and does not speak or read Arabic, meaning he has no religious, cultural, linguistic, or other stated basis, for his purported "definitions" and "context." Nor does the Appendix A state the "context" in which Mr. Vidino will try to place his purported definitions, and/or why these terms and phrases are relevant to the case on trial.

For all these many, independent reasons, the government's disclosure runs afoul of the plain language and purpose of Rule 16(a)(1)(G), *i.e.*, "to minimize [the] surprise that often results from unexpected testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *United States v. Cruz*, 363 F.3d 187, 196 n.2 (2d Cir. 2004). Given the inadequacy of the government's Expert Notice, defense counsel cannot assess or attack the relevancy, prejudicial impact, or helpfulness of Mr. Vidino's testimony. Accordingly, the Court should preclude the testimony of Mr. Vidino or, alternatively, order the government to supplement its Expert Notice to disclose all the actual opinions that Mr. Vidino intends to offer and the claimed bases and reasons for those opinions.

**II.     The Court Should Exclude Lorenzo Vidino's Testimony Because It Violates Federal Rule of Evidence 702 and the Requirements of *Daubert* and Its Progeny**

The Court is charged with acting as a "gatekeeper" to ensure that the jury hears only expert testimony that "both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999); *United States v. Shipp*, 422 F. Supp. 3d 762, 768 (E.D.N.Y. 2019) (Garaufis, J.). The Court must exclude any proffered expert testimony that does not meet the *Daubert* standard.

It is the government that bears the burden of establishing to the Court, by a preponderance of the evidence, that the proffered expert testimony is admissible. *See Bourjaily v. United States*, 483 U.S. 171 (1987); *United States v. Williams*, 506 mF/3d 151, 160 (2d Cir. 2007); *see also* FRE 702, Advisory Committee Notes (emphasizing that "the proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance

Hon. Nicholas G. Garaufis  January 8, 2023
Judge, Eastern District of New York  Page 4

Re: United States v. Asainov, 19 Cr. 402 (NGG)

of the evidence").

In fulfilling its gatekeeper function, the Court is guided by the four-part test of FRE 702. FRE 702 (Testimony by Expert Witnesses) states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; *and* (d) the expert has reliably applied the principles and methods to the facts of the case.

FRE 702 (emphasis added).

"An opinion from an expert who is not a scientist should receive the same degree of scrutiny for reliability as an opinion from an expert who purports to be a scientist." FRE 702, Advisory Committee Notes *(citing Watkins v. Telsmith, Inc.*, 121 F.3d 984, 991 (5th Cir. 1997) ("it seems exactly backwards that experts who purport to rely on general engineering principles and practical experience might escape screening by the district court simply by stating that their conclusions were not reached by any particular method or technique")). In all cases of proffered expert testimony, the trial court must find that it is "properly grounded, well-reasoned, and not speculative before it can be admitted." *Id.* Further, the proffered expert testimony must not only be reliable, it also must be "relevant to the task at hand, *i.e.*, that it logically advances a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995). In other words, the expert's reasoning or methodology must "fit" and be "properly applied to the facts before the court." *Donnelly v. Ford Motor Co.*, 80 F. Supp. 2d 45, (E.D.N.Y. 1999).

The government does not even try to fit Vidino's testimony to the facts of the case. To the contrary, the government primarily seeks to have Vidino testify about the actions of other persons. For example, the government "anticipates" that Vidino "will testify as to the means and methods of how aspiring foreign fighters traveled to join ISIS, typically in Syria." Appendix A at 3. It is irrelevant, however, how other individuals traveled to Syria to join ISIS – be it by plane, train, or automobile – or what their motivations may have been. The only thing that matters at trial, if at all, is how Mr. Asainov allegedly traveled to Syria, and why.

Likewise, the government seeks to have Vidino testify about a slew of attacks and horrifying actions that had absolutely nothing to do with Mr. Asainov. For example, the government wants to use Vidino to "address, among other terrorist actions, the executions of U.S. journalists James Foley and Steven Sotloff, executions committed via decapitation." Appendix A at 1. Not only is such testimony unduly prejudicial (*see* discussion at Point III below), but there is no connection between Mr. Asainov and these decapitations.[1] The same is

---

[1] The government seeks to introduce a photograph of Steven Sotloff being beheaded (Government Exhibit 1006) . The defense objects to such evidence being introduced at trial Allowing the government to introduce such a gruesome image – especially when Mr. Asainov has never been charged with being part of the group (the Beatles;

Hon. Nicholas G. Garaufis  January 8, 2023
Judge, Eastern District of New York  Page 5

Re: United States v. Asainov, 19 Cr. 402 (NGG)

true for all the other inflammatory attacks (Appendix A at 1-2) that the government seeks to use to improperly prejudice the jury.

More broadly, Vidino hopes to give the jury his own personal opinion as to the meaning of certain terms, beliefs, or actions by ISIS, without any showing that he and Mr. Asainov share those personal opinions and understandings about ISIS. Mr. Vidino does not claim to be either a psychologist or a mind reader. *See* Vidino CV (GX 3500-LV-1). Nevertheless, he is apparently going to try to tell the jury what Mr. Asainov knew about world events, when he knew about them, and what he thought about them. Such guesses lack any reliability or relevancy. As a result, those guesses, thinly masquerading as expertise, must be excluded by the Court under FRE 702 and *Daubert*.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, after remand from the Supreme Court, the Ninth Circuit held that the expert medical testimony proffered by the Plaintiffs was inadmissible. 43 F.3d 1311, 1319 (9th Cir. 1995). Like Mr. Vidino here, those experts relied on naked "appeal to authority" – *viz*, the experts' "impressive qualifications" and the fact that they had provided similar expert testimony in other court cases – and "unadorned assertions" that their opinions, and the methodology by which they came to those opinions, were correct and appropriate. *Id.* The Ninth Circuit held that, under *Daubert*, this was not enough. Because the Court had been presented "with only the experts' qualifications, their conclusions, and their assurances of reliability," rather than, for example, "point[ing] to any external source to validate that methodology," plaintiffs had failed to meet their burden of proof on admissibility. As the Ninth Circuit recognized, irrespective of his or her credentials, a witness who essentially provides a "personal opinion" proffered as fact should not be permitted to testify at trial.

Similarly, in *Donnelly v. Ford Motor Co.*, 80 F. Supp. 2d 45 (E.D.N.Y. 1999), this Court rejected proposed testimony from expert Samuel Sero that a faulty ignition switch caused the car fire that injured the plaintiff. Magistrate Judge Pohorelsky explained:

> Even if this court were to find that Sero's proffered testimony is reliable, the court finds that his testimony cannot be properly applied to the facts before the court. In order for expert testimony to "assist the trier of fact to understand the evidence or to determine a fact in issue," Fed. R. Evid. 702, the testimony must not only be reliable but must be relevant in that it "fits" the facts of the case. *See Daubert*, 509 U.S. at 591-93. The defendants contend that Sero's testimony does not "fit" this case because his opinions assume facts for which there is no evidentiary basis. Specifically, Sero's opinion that the ignition switch caused the fire here rests wholly on the factual premise that the fire had its origin under the driver side dash in the area of steering column. Therefore, unless there is adequate evidence to support that factual premise, Sero's testimony is of no assistance in determining whether the ignition switch caused the fire.
>
> The plaintiffs have failed to meet their burden to present facts from which a reasonable jury could determine that the factual premise underlying Sero's

---

comprising of Mohamed Emwazi, El Shafee El Sheikh and Alexanda Kotey) held responsible by the DOJ for Steven Sotlof's beheading.

Hon. Nicholas G. Garaufis  January 8, 2023
Judge, Eastern District of New York  Page 6

Re: United States v. Asainov, 19 Cr. 402 (NGG)

> opinion is true, i.e., that the fire originated under the driver dash in the area of the steering column.

80 F. Supp. 2d at 50-51. Here too, there are no facts connecting Vidino's proffered testimony to the person on trial. Absent that connection or "fit", Mr. Vidino's proffered testimony must be excluded from trial.[2]

The government may contend that all this is an issue of evidentiary weight, not admissibility, which can be addressed vigorous cross-examination. If so, the government would be wrong. The "explicit premise of *Daubert* and *Kumho Tire* is that, when it comes to expert testimony, cross-examination is inherently handicapped by the jury's own lack of background knowledge." *United States v. Ashburn,* 88 F. Supp. 3d 239, 248-49 (E.D.N.Y. 2015) (Garaufis, J.) (limiting exert testimony under *Daubert*).

### III. The Court Should Exclude Lorenzo Vidino's Testimony Because It Is Irrelevant, Unfairly Prejudicial, Misleading to the Jury, and Needlessly Cumulative

Mr. Vidino's testimony should also be excluded, first, because it is irrelevant pursuant to Rule 401 for the reasons discussed above and, second, because any probative value it may have "is substantially outweighed by a danger of . . . unfair prejudice … misleading the jury . . . or needlessly presenting cumulative evidence" Fed. R. Evid. 403.

The proposed testimony goes far beyond what is necessary to support the charges in this case. The government must prove that Mr. Asainov knew that ISIS was a designated foreign terrorist organization, that he intended to provide himself as personnel in support of ISIS, and that he took a substantial step towards doing so. Yet the government proposes that Mr. Vidino go far beyond these elements and testify about (1) the history and origins of ISIS, (2) the geographic bases of operation of ISIS, (3) ISIS's control of territory in Iraq and Syria, (4) the objectives of ISIS and its leaders, including the establishment and proclamation of a caliphate, (5) that "ISIS was the deadliest terrorist organization in the world," (6) that ISIS engaged in acts of extreme violence in the territories it controlled, (7) that ISIS urged others to travel to ISIS-controlled territory to join ISIS, (8) and the history of "lone wolf" attacks that have been perpetrated on behalf of ISIS. *See* Appendix A at 1-3.

For example, the disclosure indicates that Mr. Vidino will try to testify about the shooting attack near the Canadian Parliament building in Ottawa, Canada, in October of 2014; the shooting attack at the offices of the satirical newspaper Charlie Hebdo in Paris, France in January 2015; the shooting attack at an art exhibition in Garland, Texas, in May 2015; coordinated bombing and shooting attacks in Paris, France, in November 2015; the Pulse nightclub shooting in Orlando, Florida; and airport and subway bombing attacks in Brussels and Sri Lanka" *See*

---

[2] The fundamental lack of "fit" infecting all of Vidino's proposed testimony is exemplified by GX 3500-LV-11, which consists of a May 8, 2022 email from Vidino containing snippets from ISIS magazines and the statements of other foreign fighters, such as Omar Hussein, urging others to come to Syria. Mr. Vidino provides no connection between those snippets and Mr. Asainov. There is no basis to believe – and Vidino provides none – that Mr. Asainov read any of the article or statement snippets cherrypicked by Mr. Vidino.

Hon. Nicholas G. Garaufis  January 8, 2023
Judge, Eastern District of New York  Page 7

Re: United States v. Asainov, 19 Cr. 402 (NGG)

Appendix A at 2. Again, the Expert Notice gives no suggestion as to what Mr. Vidino would say about these topics. Nor does the Expert Notice provide any link between Mr. Asainov and the proposed testimony. Under these circumstances, the only real purpose of this proposed testimony is to inflame the jury. Beyond this rank and deliberate unfair prejudice, this sort of testimony adds nothing to the government's case.

Similarly, the origin and history of ISIS, ISIS's control of territory and its recruitment of foreign fighters to join them overseas, and the strategic objectives of ISIS leadership are not issues in this case; moreover, there is no evidence that Mr. Asainov is connected to completely unrelated historical violence perpetrated on ISIS's behalf. This type of testimony is not only irrelevant, but also, for obvious reasons, highly inflammatory and will serve a single purpose, which is to intimidate and jurors and prejudice their deliberations.

As stated in prior submissions, the government's case consists, in large measure, of Mr. Asainov's own statements. Since Mr. Vidino cannot properly opine about Mr. Asainov's state of mind or his intent, Mr. Vidino testimony will not help the jury "understand the evidence or to determine a fact in issue." See Fed. R. Evid. 702. Any such testimony will be nothing more than Mr. Vidino offering his "personal opinion" to the jury, which is not permitted under *Daubert* and its progeny. *Daubert* v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311, 1319 (9th Cir. 1995) (on remand from the United States Supreme Court).

ISIS is not on trial here, Mr. Asainov and his own actions are on trial here. Hence, testimony about the history of ISIS "and other Islamic extremist terrorist organizations," will do nothing or little to help the jury decide any element of the offenses charged, such as intent. Such testimony will, however, serve to instill fear in and inflame the passions of the jury. Even assuming, for the sake of argument, that such testimony had some probative value, that relevance would be substantially outweighed by the danger of a significant prejudicial effect, the high risk that the testimony will confuse and mislead the jury, and that it will be needlessly cumulative. *See* Rule 403.

## CONCLUSION

The Court should not allow Lorenzo Vidino to testify at Mr. Asainov's trial. At the least, should the Court be inclined to allow the government to offer Mr. Vidino's testimony, the Court should (i) require the government to provide proper notice that includes the bases and reasons for Mr. Vidino's purported opinions, so that counsel can prepare an appropriate cross examination of the witness; and (ii) drastically limit the scope of his testimony to the facts of this case, to minimize and prevent the undue prejudice it undoubtedly will cause otherwise. *See, e.g., Shipp*, 422 F. Supp. 3d at 783-784 (excluding portion, but not all, of detective's proposed expert testimony under *Daubert* standard) (Garaufis, J.).

We thank the Court for its continued attention to this matter.

Respectfully Submitted,

/s/ Susan Kellman
Sabrina Shroff

Hon. Nicholas G. Garaufis  January 8, 2023
Judge, Eastern District of New York  Page 8

Re: United States v. Asainov, 19 Cr. 402 (NGG)

                                  Attorneys for Ruslan Asainov

cc: All counsel of record (by ECF)