

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DMP/JMH/NJM/NCG
F. #2015R00517

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 11, 2023

By Email and ECF

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Ruslan Maratovich Asainov
                 Criminal Docket No. 19-402 (NGG)

Dear Judge Garaufis:

      The government respectfully submits this opposition to the defendant's motion to exclude testimony from Dr. Lorenzo Vidino, an expert witness the government intends to call at trial on various topics related to ISIS (ECF No. 110, "the Motion" or "Mot."). Contrary to the defendant's assertions, the government's notice and supplemental notices are sufficient under Federal Rule of Criminal Procedure 16, and Dr. Vidino's anticipated testimony meets the requirements of Federal Rule of Evidence 702 because he will present specialized knowledge that will assist the jury. Accordingly, the government should be permitted to call Dr. Lorenzo Vidino as an expert witness and offer his testimony on ISIS.

I.      Background and Procedural Posture

      On September 6, 2019, the government provided notice that it intended to call an expert at trial to testify about "(i) ISIS and its history, structure, strategic goals, geographic location, methods of recruitment, and smuggling routes, among other things; (ii) jihadist propaganda and terminology; and (iii) the contents of electronic devices and storage media obtained in connection with the investigation." See ECF No. 19 at 2.

      On October 21, 2022, the government supplemented its prior expert disclosure and identified Dr. Lorenzo Vidino as the expert the government would call to testify about "ISIS and its history, structure, strategic goals, geographic location, methods of recruitment, smuggling routes, jihadist propaganda, and jihadist terminology, among other topics." See ECF No. 83 at 1. The government also included as Appendix A to its expert disclosure a

summary of Dr. Vidino's expected testimony on the history, leadership and activities of ISIS; the role of Western or foreign fighters in ISIS; means and methods of travel by individuals to join ISIS; and certain words and phrases for which Dr. Vidino was expected to provide context or define.  See Ex. A (Appendix A to October 21, 2022 Letter).  At that time—months before the trial date of January 17, 2023—the government also disclosed certain material pursuant to Title 18, United States Code, Section 3500 for Dr. Vidino, including his curriculum vitae, and recent testimony and reports by Dr. Vidino.  See ECF No. 83 at 1-2.  This production included Dr. Vidino's testimony in the related matter of United States v. Mirsad Kandic, No. 17-CR-449 (NGG) ("Kandic").

On December 21, 2022, the government supplemented its expert notice as to Dr. Vidino and provided an additional summary of Dr. Vidino's expected testimony, including further information about his bases and reasons for his opinions; his qualifications; and a list of cases in which he testified during the last four years, in compliance with the amendments to Federal Rule of Criminal Procedure 16.  See Ex. B (Appendix to December 21, 2022 Expert Notice at ECF No. 97, produced as 3500-LV-13).  Dr. Vidino's signed disclosure, included within this supplemental notice, specifically referenced his testimony in Kandic, noting that—along with his other prior testimonies—he anticipated that his opinions would "remain the same as those he has previously expressed."  Id. at 4.

Dr. Vidino is an expert on Islamic extremism in North America and Europe and is the Director of the Program on Extremism at George Washington University.  The Program on Extremism collects information from a variety of sources, including academic and scholarly works, historical information, open source reporting, and field work to analyze trends relating to Islamist extremism and radicalization.  As Director of the Program, Dr. Vidino regularly consults with various agencies within the United States government, private businesses, law firms, and think tanks on the topics of terrorism and political Islam.  Dr. Vidino has also consulted with several European governments on terrorism and counter-radicalization.

Dr. Vidino has authored, contributed to, and edited numerous books, articles and reports on terrorism.  Dr. Vidino has studied multiple cases of Westerners who have joined or supported terrorist organizations, including ISIS and al-Qaeda.  Dr. Vidino will rely on his education, training and experience to testify regarding the topics set forth in the government's supplemental expert notice, which are set forth in Exhibit B.

II.     Legal Framework

    A.     Federal Rule of Criminal Procedure 16

On December 1, 2022, Federal Rule of Criminal Procedure 16 was amended to impose new requirements on parties calling expert witnesses.  The prior version of Rule 16 required the government to provide the defense with a "written summary" of expert testimony, including "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."  Fed. R. Crim. P. 16(a)(1)(G), 116 Stat. 1825.  The new version

2

of Rule 16 requires the government to provide a "complete statement of all opinions" the government will elicit from the witness; the bases and reasons for the opinions; the witness's qualifications, including a list of all publications authored in the previous ten years; and a list of all other cases in which, during the previous four years, the witness has testified as an expert at trial or by deposition. Fed. R. Crim. P. 16(a)(1)(G), eff. Dec. 1, 2022. The disclosure must also be signed by the expert witness.

    B.    <u>The Admissibility of Expert Testimony</u>

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. An expert witness may testify provided they are qualified "by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. If qualified, the witness may testify provided that: (i) their knowledge will help the jury understand the evidence or determine a fact in issue; (ii) their testimony is based upon sufficient facts or data; (iii) their testimony is the product of reliable principles and methods; and (iv) the witness has reliably applied the principles and methods to the facts of the case. <u>Id.</u>; <u>see</u> also <u>United States v. Shipp</u>, 422 F. Supp. 3d 762, 767-68 (E.D.N.Y. 2019) (Garaufis, J.).

The district court's inquiry on these issues is "flexible" and committed to the court's "broad discretion." <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 594 (1993); <u>Restivo v. Hessemann</u>, 846 F.3d 547, 575 (2d Cir. 2017). Courts routinely begin with the indicia of reliability set out in Rule 702 itself and consider additional factors listed in <u>Daubert</u>, including, as most relevant here: (i) "whether [the] theory or technique . . . can be (and has been) tested"; (ii) whether the theory or technique has been subjected to peer review or publication; (3) "the existence and maintenance of standards controlling the technique's operation"; and (4) whether a particular technique or theory has gained "general acceptance." <u>Daubert</u>, 509 U.S. at 593-94 (listing additional factor relating to scientific techniques and their error rates); <u>Shipp</u>, 422 F. Supp. 3d at 768.

III.    <u>Analysis</u>

    A.    <u>The Government Has Complied With Federal Rule of Criminal Procedure 16</u>

The government's initial notice complied with Rule 16(a)(1)(G) as it existed at the time, and its supplemental notice regarding Dr. Vidino complies with Rule 16(a)(1)(G) as it exists now. The defendant has been on notice since at least September 2019 that the government intended to call an expert on ISIS at trial. The defendant has known the identity of that expert, and has had much of his 3500 material, since October 2022—several months before the trial date. The government's repeated and ample notice is far from an "expert ambush." <u>See</u> Mot. at 1.

Notably, the defendant cites and attaches to his motion only the government's October 2022 notice regarding Dr. Vidino; as of that date, the parties were operating under the prior version of Rule 16. Certainly, the government's October 2022 notice complied with the prior version of Rule 16—it provided a summary of the witness's testimony, including

3

the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.  See Ex. A.

After Rule 16 was amended, and as noted above, the government provided to the defendant on December 21, 2022 a supplemental notice ("the December 2022 Supplemental Notice").  See Ex. B.  The December 2022 Supplemental Notice elaborates on Dr. Vidino's qualifications, opinions, and the bases and reasons for those opinions, explaining that he will testify regarding ISIS and its history, structure, goals, geographic location, methods of recruitment, and jihadist terminology.  See id.  Contrary to the defendant's complaints (which appear to be about the October 2022 notice rather than the more recent supplemental notice), see Mot. at 3, the December 2022 Supplemental Notice states Dr. Vidino's opinions about topics about which he will testify.  See Ex. B.

The December 2022 Supplemental Notice also notes that Dr. Vidino's opinions are set forth in his testimony in the related case of Kandic, and that testimony has been produced to the defense.  The notion that there is any "surprise" or "unexpected testimony," see Mot. at 3, is belied by the fact that the defendant has had Dr. Vidino's testimony in Kandic for months.  Indeed, the December 2022 Supplemental Notice states that Dr. Vidino's "opinions, and the bases and reasons for them, remain the same as those he has previously expressed," citing Kandic. The government's notice is more than sufficient for Asainov to understand what Dr. Vidino's testimony will be and complies with the new Rule 16.[1]

Although the defendant claims that the government has not identified the "bases and reasons" for Dr. Vidino's testimony, he explains in the December 2022 Supplemental Notice that the opinions and statements expressed in the notice "are based on Dr. Vidino's approximately 20 years studying extremism, including his extensive research and publications in this area."  The December 2022 Supplemental Notice also refers to Dr. Vidino's curriculum vitae, which contains his relevant experience.[2]  Where the bases of an expert's testimony "are the product of" extensive experience and "not a particular set of documents that can be readily produced," the description of the bases as the expert's

---

[1] As to the defendant's complaint that the October 2022 notice did not provide a written summary regarding "the contents of electronic devices and storage media obtained in connection with the investigation," Mot. at 2, the government is simply reserving the right to present Dr. Vidino with evidence admitted via other witnesses, some of which comes from electronic devices (e.g., GX 1300, the contents of an electronic device belonging to a co-conspirator), and ask Dr. Vidino to opine on whether the item of evidence bears indicia of association with ISIS (e.g., GX 1309, an image of a document bearing a stamp of what appears to be the ISIS flag).

[2] The defendant's complaint as to Dr. Vidino's expected testimony regarding jihadist terminology is similarly without merit.  His expected testimony in that area is also based on his 20 years of experience studying extremism.  See Ex. B.

4

"analy[sis] and reli[ance] upon various sources during the course of his career" is sufficient. United States v. Vasquez, 258 F.R.D. 68, 74 (E.D.N.Y. 2009) (finding that the government's Rule 16(a)(1)(G) disclosure of the bases and reasons for an expert testifying on MS-13 gang customs was sufficient even though it contained only a general list of sources, such as "information obtained at conference" and "MS-13 literature"). Thus, the government's disclosure is sufficient to satisfy Rule 16.

      B.     The *Daubert* Factors Favor Admission of Dr. Vidino's Testimony

Each of the relevant Daubert and Rule 702 factors counsels in favor of admitting Dr. Vidino's testimony as to ISIS's history, structure, goals, geographic location, methods of recruitment, and jihadist terminology.

First, Dr. Vidino's knowledge will help the jury understand the history and activities of ISIS, their goals, activity in Syria, and how they recruited Western fighters. This information is plainly "beyond the ken of the average juror." United States v. Castillo, 924 F.2d 1227, 1232 (2d Cir. 1991) (citations omitted) (collecting cases).

Second, Dr. Vidino's expected testimony has a "considerable factual basis," including his studies, his work as the Director of the Program on Extremism at George Washington University, his authorship of numerous publications regarding ISIS, and his provision of services to various federal agencies. His testimony is likewise the product of reliable principles and methods used by experts in his area, and his methodology appears similar to that of experts that have been permitted to testify in terrorism cases in federal court. See United States v. Farhane, 634 F.3d 127, 158 (2d Cir. 2011) (proposed terrorism expert satisfied the requirements of Rule 702). Indeed, Dr. Vidino has been qualified to testify in this and other federal courts many times. See Kandic Trial Tr. at 1070 (Dr. Vidino's testimony that he had been qualified "[a]round 15, 16 times," including four occasions in this district (including Kandic)) (also available at 3500-LR-12).

Third, Dr. Vidino will reliably apply his methodology to the facts of this case. The defendant argues that Dr. Vidino should not be permitted to testify regarding how foreign fighters traveled to join ISIS because how "other individuals" traveled to Syria to join ISIS is irrelevant. Mot. at 4. This argument misses the mark. The defendant himself is a foreign fighter who traveled to Syria to join ISIS; Dr. Vidino's testimony regarding recruitment of foreign fighters will place the defendant's actions in context so that the jury is aware that his efforts to travel to Syria to join ISIS were not an isolated event but were in fact part of ISIS's strategy, a strategy to which the defendant contributed in significant part. Similarly, the government anticipates that Dr. Vidino will testify regarding certain attacks by ISIS. Contrary to the defendant's arguments, this too is highly relevant to this case. Dr. Vidino's testimony regarding such attacks will place in context the defendant's decision to join a terrorist organization that engages in such actions. Indeed, the relevant statutes for each of Counts One through Four require the government to demonstrate that ISIS was a "foreign terrorist organization" and that the defendant knew that ISIS was a designated

5

terrorist organization that had engaged in terrorist activity and terrorism. See 18 U.S.C. §§ 2339B, 2339D.

Finally, Dr. Vidino's approach has gained general acceptance, as evidenced by the number of times he has been qualified to testify as an expert in terrorism cases, as noted above.

   C. Dr. Vidino's Anticipated Testimony Is More Probative Than Prejudicial

Finally, the defendant argues that Dr. Vidino's expected testimony regarding ISIS is more prejudicial than probative. The defendant argues that "ISIS is not on trial." Mot. at 7. ISIS is referenced in four of the five counts of the Indictment. See ECF No. 15. The defendant is charged with providing material support to ISIS. The notion that the government should be precluded from providing the jury with evidence on what ISIS is, when ISIS is at the center of this case, should be rejected.

IV. Conclusion

The government should be permitted to call Dr. Vidino at trial to testify about the topics identified in its notices to the defendant.

            Respectfully submitted,

            BREON PEACE
            United States Attorney

       By: /s/
            Douglas M. Pravda
            J. Matthew Haggans
            Nicholas J. Moscow
            Nina C. Gupta
            Assistant U.S. Attorneys
            (718) 254-7000

cc: Clerk of Court (NGG) (By ECF)
   Susan Kellman & Sabrina Shroff, Esqs. (By Email and ECF)